IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporation Excise/Income Tax

| | | |
|---|---|---|
| NBCUNIVERSAL ENTERPRISE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170037R (Control) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| NBC UNIVERSAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170278R |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs NBC Universal, Inc. and NBCUniversal Enterprise, Inc. appeal the imposition

of penalties for substantial understatement of taxable income for the 2006 through 2013 tax

years. NBC Universal challenges the penalty for the 2006 through 2010 tax years, and

NBCUniversal Enterprise challenges the penalty for the 2011 through 2013 tax years.

This court previously issued two orders resolving the parties' first and second motions for

partial summary judgment. In its August 17, 2022, order (Order 1), the court held that Plaintiffs

were interstate broadcasters. (Order 1 at 8.) In its second order, issued March 25, 2025, (Order

2) the court held that Plaintiffs' business activities created a substantial nexus with Oregon under

both state and federal law. (Order 2 at 15.)

/ / /

This Decision addresses the third and final motions for summary judgment and incorporates the court's prior rulings. The issue presented is whether the penalty for substantial understatement of taxable income for the 2006 through 2013 tax years should be reduced under ORS 314.402(4)(b),[1] based on Plaintiffs' claim that their tax treatment was supported by substantial authority or adequately disclosed with a reasonable basis.

Oral argument was held via Webex on August 6, 2025. Jeffrey M. Vesely, a California attorney admitted *pro hac vice*, appeared on behalf of Plaintiffs. Daniel Paul, Senior Assistant Attorney General, appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

NBC Universal filed its 2006-2010 returns in 2015 and NBCU Enterprise timely filed its 2011-2013 returns, beginning with the 2011 return, which was filed no earlier than September 14, 2012.[2] (July 25, 2025, Decl of Vesely at 6, 22, 38, 57, 76, 95, 114, and 135.) Plaintiffs' Oregon tax returns for the years at issue reported zero in tax and an Oregon apportionment percentage of zero. NBC Universal attached the following statement to its 2006-2010 returns: "The entity had no property, payroll or taxable sales in the state for the above year." (*Id*. at 10, 26, 42, 61, 80.)

NBCU Enterprise attached the following to its 2011-2013 returns:

> "Navy Holding Inc.'s (NHI)[3] only contact with Oregon during the [relevant] tax year was through the ownership of a minority, non-controlling, non-managerial interest in NBCUniversal, LLC, a Delaware limited liability company taxed as a partnership. The Company contends this passive and limited contact with the state is insufficient to create taxable nexus under the Commerce Clause and/or Due Process Clause of the United States Constitution. Accordingly, because NHI

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013. Although the 2011 ORS applies to Plaintiffs' return filed in 2012, the relevant statutes are identical.

[2] This is the date the return was signed; the record does not include the filing date.

[3] NBCUniversal Enterprise was formerly known as Navy Holdings Inc.

is not subject to Oregon's income tax it requests a refund of all income taxes withheld on its behalf or paid as estimated taxes with respect to the [relevant] tax year."[4]

(*Id*. at 99, 119, 140.) Defendant imposed substantial understatement of taxable income penalties for each tax year at issue.

## II. ANALYSIS

At this stage, the only remaining question is whether Plaintiffs' tax positions were supported by substantial authority or, alternatively, adequately disclosed with a reasonable basis under ORS 314.402(4)(b). The court will grant summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See* Tax Court Rule – Magistrate Division (TCR-MD) 13 B, applying Tax Court Rule (TCR) 47 C; *Tektronix, Inc. v. Dept. of Rev.*, 354 Or 531, 533, 316 P3d 276 (2013).

ORS 314.402(1) requires Defendant to apply a 20 percent penalty for any understatement of tax if it determines there is a substantial understatement of taxable income for any taxable year under any law imposing a tax on or measured by net income. ORS 314.402(4)(b) provides for a reduction in the understatement that is attributable to one of the following:

"(A) The tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or

"(B) Any item with respect to which:

"(i) The relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return; and

"(ii) There is a reasonable basis for the tax treatment of the item by the taxpayer."

---

[4] The language of this statement varies in nominal ways in the three returns. In addition, on the statement attached to the 2012 return, NBCUniversal Enterprise mistakenly referenced Missouri instead of Oregon. (*See* Decl of Vesely at 119.)

Plaintiffs have argued both that there was substantial authority for their tax positions and that they had a reasonable basis for the tax treatment; thus, each will be analyzed in turn.

A.      *Substantial Authority*

Plaintiffs argue that when they filed their returns for the 2006-2013 tax years, there was substantial authority supporting their position that they lacked a substantial nexus with Oregon and were not interstate broadcasters under ORS 314.680.  (Ptfs' Memo at 1.)   Although the returns were filed beginning in 2012, Plaintiffs argue that, at that time, physical presence in Oregon was required to establish a substantial nexus.  (*See id*.)  Plaintiffs further assert that ORS 314.680(3) defines an "interstate broadcaster" as "a *taxpayer* that engages in the for-profit business of broadcasting to subscribers or to an audience located both within and without this state."   (*Id*. at 11 (emphasis added).)

The court finds this reasoning logically sound.  Whether Plaintiffs were interstate broadcasters depends on whether they were Oregon taxpayers, which in turn depends on whether they had a substantial nexus with the state.  Thus, the question of whether substantial authority existed for Plaintiffs' position on nexus also resolves the question of whether there was substantial authority for their position on broadcaster status.

During the tax years at issue, OAR 150-314.402(4)(b)[5] provided that the portion of an understatement subject to penalty could be reduced if substantial authority supported the taxpayer's treatment of the item.  Oregon adopts the definition of "substantial authority" found in Treasury Regulation section 1.6662-4(d), which sets out an objective standard based on the weight of legal authorities supporting the taxpayer's position relative to those supporting a

---

[5] OAR 150-314.402(4)(b) was renumbered as OAR 150-314-0209 in 2016.

contrary position. OAR 150-314-0209(1)(a).[6]  Treasury Regulation section 1.6662-4(d)(2)

states in relevant part:

> "The substantial authority standard is an objective standard involving an analysis
> of the law and application of the law to relevant facts.  The substantial authority
> standard is less stringent than the more likely than not standard (the standard that
> is met when there is a greater than 50–percent likelihood of the position being
> upheld), but more stringent than the reasonable basis standard as defined in §
> 1.6662–3(b)(3)."

Treasury Regulation section 1.6662-4(d)(3)(i) further provides:

> "There is substantial authority for the tax treatment of an item only if the weight
> of the authorities supporting the treatment is substantial in relation to the weight
> of authorities supporting contrary treatment.  All authorities relevant to the tax
> treatment of an item, including the authorities contrary to the treatment, are taken
> into account in determining whether substantial authority exists. The weight of
> authorities is determined in light of the pertinent facts and circumstances in the
> manner prescribed by paragraph (d)(3)(ii) of this section. There may be
> substantial authority for more than one position with respect to the same item.
> Because the substantial authority standard is an objective standard, the taxpayer's
> belief that there is substantial authority for the tax treatment of an item is not
> relevant in determining whether there is substantial authority for that treatment."

Under Treasury Regulation section 1.6662-4(d)(3)(ii), an authority's weight "depends on

its relevance and persuasiveness, and the type of document providing the authority."  The

"persuasiveness and relevance of a document, viewed in light of subsequent developments,

should be taken into account along with the age of the documents." *Id*.  In addition, substantial

authority may exist "despite the absence of certain types of authority," such as when a position

"is supported only by a well-reasoned construction of the applicable statutory provision." *Id*.

Only statutory provisions, rules construing such statutes, court cases, legislative history, and

administrative pronouncements may provide authority in determining whether the weight of

authority is substantial.  Treas Reg § 1.6662-4(d)(3)(iii).  In *Santa Fe Natural Tobacco Co. v.*

---

[6] The Treasury Regulations referenced by the court were last amended in 2003 and thus are the same today as during the tax years at issue.

*Department of Revenue*, this court noted that "Congress's Joint Committee on Taxation has reported a 'general consensus of scholars and practitioners' that the substantial authority standard requires an approximately 40-percent likelihood of success and that the reasonable basis standard requires an approximately 20-percent likelihood of success." 25 OTR 124, 162 n 28 (2022), *aff'd,* 372 Or 509, 551 P3d 909 (2024).

It is undisputed that Plaintiffs did not have a physical presence in Oregon when they filed their returns. To support their position, Plaintiffs rely on *Quill Corp. v. North Dakota By & Through Heitkamp*, 504 US 298, 112 S Ct 1904, 119 L Ed 2d 91 (1992), *overruled by South Dakota v. Wayfair*, 585 US 162, 138 S Ct 2080, 201 L Ed 2d 403 (2018). In *Quill*, the United States Supreme Court determined that vendors who had no physical presence in a state did not have the "substantial nexus with the taxing state" necessary to impose tax-collection duties under the Commerce Clause. *Id.* at 311-313. Although *Quill* was later overturned, Plaintiffs argue that at the time they filed their returns, "*Quill* and its physical presence requirement was the latest decision from the United States Supreme Court in this area." (Ptfs' Memo at 1.)

Defendant argues that when Plaintiffs filed their returns, Oregon did not require a taxpayer to have a physical presence in Oregon in order to have a substantial nexus. Defendant cites to OAR 150-317.010, adopted in 2008, which provides in relevant part: [7]

> "(1) The State of Oregon imposes taxes on or measured by net income to the extent allowed under state statutes, federal Public Law 86-272, and the Oregon and U.S. Constitutions. For purposes of determining whether Oregon has jurisdiction to impose an excise tax for the privilege of doing business in the state under ORS Chapter 317 or tax on income from sources within this state under ORS Chapter 318, there must exist a substantial nexus between the state and the activity or income it seeks to tax.
>
> "(2) 'Substantial nexus' for corporate excise and income tax jurisdiction purposes, under the Commerce Clause of the U.S. Constitution, does not require a taxpayer

_____

[7] OAR 150-317.010 was renumbered in 2016 to OAR 150-317-0020.

to have a physical presence in Oregon. Substantial nexus exists where a taxpayer regularly takes advantage of Oregon's economy to produce income for the taxpayer and may be established through the significant economic presence of a taxpayer in the state."

Defendant also relies on *American Refrigerator Transit Company v. State Tax Commission*, 238 Or 340, 395 P2d 127 (1964), where the Oregon Supreme Court held that physical activity within the state is not essential to establish nexus for income tax purposes. *Id.* at 346.

Although Plaintiffs argue *Quill* was the "law of the land," the holding there applied to sales and use tax, not corporate excise or income tax. Plaintiffs have not cited any authority extending *Quill's* physical presence requirement to corporate income tax. In contrast, Oregon courts have recognized that *Quill* does not displace earlier Oregon precedent on income tax nexus. For example, in *Hallmark Marketing Corp. v. Department of Revenue*, TC-MD 981870A, 2000 WL 33225374 *n14 (Or Tax M Div, Oct 9, 2000), the court observed that *American Refrigerator* governs the issue of nexus for income or excise tax purposes. The court further noted that *Quill* was not inconsistent with Oregon's longstanding position that physical presence in Oregon is not constitutionally required for the state to assess those taxes. *Id.*

Courts in other jurisdictions have also consistently declined to extend *Quill* beyond the sales and use tax context. *See, e.g., Geoffrey, Inc. v. South Carolina Tax Comm'n*, 313 S C 15, 437 SE2d 13 (1993) (holding that the physical presence requirement of *Quill* has not been extended to other types of taxes, such as taxes on royalty income); *A & F Trademark, Inc. v. Tolson,* 167 N C App 150, 605 SE2d 187 (2004) (holding that physical presence is not the *sine qua non* of a state's jurisdiction to tax under the Commerce Clause for purposes of income and franchise tax); *Lanco, Inc v. Director*, *Div of Taxation*, 379 NJ Super 562, 567, 879 A2d 1234 (2005) (stating "*Quill* does not apply to taxes other than sales and use taxes"); *Tax Comm'r of*

*the State of West Virginia v. MBNA America Bank, N.A.,* 220 W Va 163, 169, 640 SE2d 226 (2006) (holding that "*Quill's* physical-presence requirement for showing a substantial Commerce Clause nexus applie[d] only to use and sales taxes and not to business franchise and corporation net income taxes"); *Bridges, Secretary of Dept. of Rev., State v. Geoffrey, Inc.*, 2007-1063 (La App 1 Cir Feb 8, 2008), 984 So 2d 115, 123 (finding that "the language in *Quill* impliedly suggests that the physical presence requirement is limited to the area of sales and use taxes and does not apply to the imposition of other state taxes"); *Lamtec Corp. v. Dept. of Rev.,* 151 Wash App 451, 215 P3d 968 (2009) (holding that physical presence is not required for a business and occupation excise tax); *In re Washington Mutual, Inc.*, 485 BR 510, 518 (Bankr D Del 2012) (agreeing with the Oregon Department of Revenue that *Quill's* "bright-line physical presence test 'makes little sense in today's world'" and declining to extend it to corporate excise tax). In 2009, the Washington Court of Appeals concluded: "Plainly stated, the *Quill* Court did not attempt to equate the substantial nexus requirement with a universal physical presence requirement." *Lamtec*, 151 Wash App at 463.

Treasury Regulation section 1.6662-4(d)(3)(i) provides that substantial authority exists only when the weight of the supporting authorities is substantially relative to those opposing the taxpayer's position. Plaintiffs have not demonstrated that the legal support for their position outweighs the contrary authority. Rather, the weight of authority, in Oregon and nationally, supports the conclusion that physical presence was not required for income tax nexus at the time Plaintiffs filed their returns.

/ / /

/ / /

/ / /

Accordingly, the court finds that there was not substantial authority for Plaintiffs' position that physical presence was required to establish nexus for Oregon corporate excise tax purposes. The next issue is whether Plaintiffs had a reasonable basis for their position and adequately disclosed it on their returns.

B.     *Reasonable Basis*

Plaintiffs argue that at the time they filed their returns, they had a reasonable basis for their position that they lacked a substantial nexus with Oregon and were therefore not interstate broadcasters under ORS 314.680. (Ptfs' Mem at 1.)   As discussed above, determination of the latter depends on the former.

Under OAR 150-314-0209(1)(c), the term "reasonable basis" adopts the meaning found in Treasury Regulation section 1.6662-3(b)(3). That regulation defines reasonable basis, which provides:

> "Reasonable basis is a relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim. If a return position is reasonably based on one or more of the authorities set forth in § 1.6662-4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments), the return position will generally satisfy the reasonable basis standard even though it may not satisfy the substantial authority standard as defined in § 1.6662-4(d)(2). (See § 1.6662-4(d)(3)(ii) for rules with respect to relevance, persuasiveness, subsequent developments, and use of a well-reasoned construction of an applicable statutory provision for purposes of the substantial understatement penalty.) In addition, the reasonable cause and good faith exception in § 1.6664-4 may provide relief from the penalty for negligence or disregard of rules or regulations, even if a return position does not satisfy the reasonable basis standard."

Building upon that definition of reasonable basis, Treasury Regulation section 1.6662-4(d)(3)(iii) lists the types of authorities on which Plaintiffs could reasonably base their position, including applicable provisions of the Internal Revenue Code and other statutory provisions,

revenue rulings, and court cases. Therefore, the court must determine whether Plaintiffs' return position is reasonably based on one or more of the authorities listed in this Treasury Regulation. Plaintiffs fail to provide an authority for their position beyond *Quill*. Therefore, it is the reasonableness of applying that holding to Plaintiffs' tax treatment that the court must analyze.

As detailed above, multiple courts declined to extend the holding in *Quill* beyond use and sales tax. Focusing on the opinion itself, the Court in *Quill* used wording limiting its holding to sales and use taxes frequently throughout. This is best shown in the Court's discussion of its holding in *National Bellas Hess, Inc. v. Department of Revenue of State of Illinois*, 386 US 753, 87 S Ct 1389, 1390, 18 L Ed 2d 505 (1967), the case where it first established the physical presence requirement. The Court in *Quill* stated, "we have, in our decisions, frequently relied on the *Bellas Hess* rule in the last 25 years, * * * and we have never intimated in our review of sales or use taxes that *Bellas Hess* was unsound." *Quill*, 504 US at 317. The Court continued, "[i]n sum, although in our cases subsequent to *Bellas Hess* and concerning other types of taxes we have not adopted a similar bright-line, physical-presence requirement, our reasoning in those cases does not compel that we now reject the rule that *Bellas Hess* established in the area of sales and use taxes." *Id*. The Court further explained, "we have not, in our review of other types of taxes, articulated the same physical-presence requirement that *Bella Hess* established for sales and use taxes," before acknowledging the benefits, through its holding, of imposing a bright-line rule "in the area of sales and use taxes." *Id.* at 314, 316. Finally, the Court stated, "[s]uch a rule firmly establishes the boundaries of legitimate state authority to impose a duty to collect sales and use taxes and reduces litigation concerning those taxes." *Id.* at 315.

Plaintiffs do not explain why they believed *Quill* extended to corporate income or excise tax, nor do they cite any authority supporting such an extension. In contrast, Oregon courts and

courts in other jurisdictions consistently declined to apply *Quill* beyond sales and use tax. *See, e.g.*, *Capital One Auto Finance Inc. v. Dept. of Rev.*, 22 OTR 326, 338 (2016), *aff'd*, 363 Or 441, 423 P3d 80 (2018) (stating "nothing in *Quill* imposes a physical presence standard for Commerce Clause nexus outside the realm of collection obligations for sales or use taxes.")

Although *Capital One* was decided after Plaintiffs filed their returns, it reflects Oregon's long-standing position, consistent with earlier decisions, that physical presence is not required for income tax nexus. Plaintiffs have not identified any contrary Oregon authority in effect at the time of filing that would support their position.

While the reasonable basis standard is less stringent than the substantial authority standard, the reasonable basis standard still requires reliance on recognized legal authorities and does not permit reliance on subjective beliefs or unsupported claims. The court concludes that Plaintiffs' position was, at most, "merely arguable" or "colorable," and therefore fails to satisfy the reasonable basis requirement. Because the court concludes Plaintiffs did not have a reasonable basis for their tax treatment, it need not decide whether their position was adequately disclosed.

### III. CONCLUSION

Plaintiffs have failed to demonstrate there was substantial authority or a reasonable basis for the tax treatment they applied. Defendant properly applied the penalty for substantial understatement of taxable income. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Partial Summary Judgment is denied, and Defendant's Motion for Partial Summary Judgment is granted.

IT IS FURTHER DECIDED that the court's prior two orders on summary judgment resolved all issues in favor of Defendant. Accordingly, Plaintiffs' appeals are denied in their entirety.

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on January 7, 2026.*